BARBARA MASTERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masters v. Commissioner
Docket No. 11833-91
United States Tax Court
T.C. Memo 1991-499; 1991 Tax Ct. Memo LEXIS 548; 62 T.C.M. (CCH) 922; T.C.M. (RIA) 91499; October 1, 1991, Filed *548 An appropriate order will be issued and decision will be entered for the respondent. Barbara Masters, pro se. Susan C. Hergenhan, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on respondent's Motion to Dismiss For Failure to State a Claim, filed pursuant to Rule 40, and respondent's Motion for Assessment of Damages Under Section 6673. [1] This case was assigned pursuant to section 7443A(b) and Rules 180, 181 and 182 by order of the Chief Judge. In four separate notices of deficiency, respondent determined deficiencies in income tax and additions to tax due from petitioner as follows: Taxable
Additions to Tax Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1985
$ 3,261.00
$ 811.50
$ 163.05
*
$ 185.12
6653(a)(1)(A)
6653(a)(1)(B)
1986
4,815.00
198.25
$ 240.75
**
1987
4,301.00
996.25
215.05
***
6653(a)(1)
6654(a)
1988
4,555.00
1,138.75
227.75
290.69
*549 The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file tax returns and report various items of income for the subject years. Petitioner, a California resident, alleged in the petition that she is "a natural born Citizen of one of the several states of the Continental States United" and that she is "an American Citizen and resident by birthright, not living abroad, and exempt from all direct taxes not applied by the rule of apportionment, and all indirect taxes not applied by the rule of uniformity." Having so alleged, she further alleges that she did not reside within a foreign country nor within any territory of the United States and thus, "was not engaged in any activity upon which Congress has levied a tax." Petitioner makes further allegations in the petition, which are common in tax protestor petitions, regarding the *550 method she was selected for audit, as well as the audit techniques utilized by respondent. Subsequent to the filing of respondent's motions, the Court noted that it reviewed the petition and agreed with respondent that the allegations therein are tax protestor allegations which have been repeatedly rejected by this and other courts. However, petitioner was authorized to file an objection to respondent's motion or, alternatively, an amended petition in which she could allege adequate errors and facts to the merits of respondent's determinations. Petitioner then filed an Objection, in which she demanded that we strike respondent's motion, which she asserts was filed in bad faith, and wherein she demanded (a standard protestor maneuver) specific authorities for every statement made, while being offended by respondent's "naked assertions." Under these premises, no useful purpose would be served by affording the parties further hearing in this matter. In his motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determinations in violation of Rule 34(b)(4). Further, respondent contends that the petition *551 fails to allege clear and concise lettered statements of fact on which petitioner basis the assignments of error, in violation of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See ; , affd. without published opinion . Petitioner makes tax protestor arguments that have been heard by this Court on many occasions and rejected. See, e.g., , affd. ; [2] We see no reason to again refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that petitioner is not exempt from Federal income tax. See . Furthermore, this Court generally (as in the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved *552 in making his determinations. ; ; . Petitioner has failed to raise any issue with regard to the amount of her income or deductions, or the correct amount of her tax liability, including the additions to tax. Accordingly, she has not raised any justiciable issues and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $ 25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay. Petitioner has been in this Court before. In , affd. without published opinion , her case was dismissed for lack of prosecution for the taxable year 1981 and a penalty of $ 2,000 was imposed under the predecessor section 6673(a). In , affd. without published opinion , [3] tax protestor arguments regarding 1979 and 1980 were again rejected and a penalty was imposed in the amount of $ 5,000. In , respondent's motion for failure to state a claim was granted for the taxable year 1983 and a penalty of $ 5,000 was imposed. Petitioner again has made frivolous arguments, and, apparently, the penalties previously imposed have not sufficed to deter her from wasting the Court's time. In view of the above, respondent's request for a penalty under section 6673 will be granted, and petitioner is required to pay the United States a penalty of $ 10,000. An appropriate order will be issued and decision *554 will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 3,261.00 ↩
**. 50% of the interest due on $ 4,815.00 ↩
***. 50% of the interest due on $ 4,301.00↩
2. See also , which deals with most of the same allegations as are in the instant petition.↩
3. The Ninth Circuit assessed $ 1,500 in damages for a frivolous appeal.↩